■ LYNDA FIORI, Appellant, v LUIGI ROGLIANO et al., Respondents. [864 NYS2d 562]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated May 4, 2007, as, upon an order of the same court (Jamieson, J.), denying her motion for summary judgment and after a nonjury trial, is in favor of the defendants on their second counterclaim, in effect, for recovery in quantum meruit in the principal sum of $24,277, and dismissed the first through fourth causes of action in the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof in favor of the defendants on their second counterclaim and substituting therefor a provision dismissing the defendants' second counterclaim; as modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a Connecticut resident, entered into an oral agreement with the defendants Joseph Rogliano and Genero Matera, who are New York residents, and their business entities (hereinafter collectively the defendant contractors) to perform improvements to her Connecticut home for the sum of $120,000. The defendant contractors were recommended by the plaintiff's boyfriend, Joseph Franco, who is Rogliano's brother-in-law. During the course of the project, the plaintiff became dissatisfied with the work and terminated the services of the defendant contractors after several failed building inspections and after the work allegedly failed to comply with the architect's plans. She commenced this action to recover damages for breach of contract in the sum of $74,000 (the amount paid to the defendant contractors), and for negligence in the sum of $40,000 for

damages allegedly caused by the work. The plaintiff alleged that the defendant contractors were not registered contractors in Connecticut. She also sought replevin or damages related to a Mercedes Benz automobile she transferred to the defendant Christina Franco, who is Rogliano's wife, during the course of the project. According to the complaint, the automobile had been transferred pursuant to an unfulfilled promise that she would be paid $15,000 in cash and given a credit in the sum of $19,200 toward the work. The defendant contractors counterclaimed, inter alia, in effect, for recovery in quantum meruit in the principal sum of $24,277. The defendant contractors admitted that they were not registered contractors in Connecticut. According to the defendants, there was never any agreement as to a cash payment for the automobile and it was transferred solely for a $33,000 credit toward the work.

The plaintiff moved for summary judgment, among other things, on her first cause of action. The plaintiff argued, inter alia, that under the Connecticut Home Improvement Act (Conn Gen Stat § 20-418 *et seq.*; hereinafter the HIA) an unregistered contractor was required to refund all compensation paid on a home improvement contract upon due demand. She contended that despite due demand, the defendant contractors had refused a refund. In opposition, the defendants argued, among other things, that the HIA did not require a refund where, as here, a substantial portion of the work had been completed. In reply, the plaintiff argued that the HIA also precluded unregistered contractors from recovering any unpaid compensation based on quantum meruit or otherwise. Further, she noted, under Connecticut law a violation of the HIA was deemed an unfair or deceptive trade practice under the Connecticut Unfair Trade Practice Act (Conn Gen Stat § 42-110a *et seq.*, hereinafter CUTPA), which authorized the award of costs, attorney's fees, punitive damages and equitable relief. The Supreme Court (Jamieson, J.) denied the plaintiff's motion, finding, inter alia, that the plaintiff had not cited any provision of HIA that required a refund of compensation paid to an unregistered contractor on the facts presented.

After a nonjury trial, the Supreme Court (Donovan, J.), inter alia, dismissed the first through fourth causes of action in the complaint, and awarded the defendants, among other things, $24,277 on their counterclaim, in effect, for recovery in quantum meruit. We modify.

The plaintiff argues that the Supreme Court erred in denying that branch of her motion which was for summary judgment on her claim for a refund of all compensation paid to the unregis-

tered defendant contractors pursuant to the HIA. However, this argument is without merit. Under Connecticut law, the applicability of which was not and is not disputed, the HIA may be used as a shield but not a sword, and progress payments made during the performance of work by an unregistered contractor are not subject to refund under the HIA (*see Kavanaugh v Hilliard*, 33 Conn L Rptr 309 [2002]; *see also Wadia Enters., Inc. v Hirschfield*, 224 Conn 240, 251 n 5 [1992]; *Barrett Bldrs. v Miller*, 215 Conn 316, 327 n 5 [1990]). Here, the weight of the credible evidence supports a determination that the payments made by the plaintiff to the defendant contractors constituted such progress payments, and that subsumed within these progress payments was a credit given for the automobile. We agree with the trial court that the plaintiff failed to prove an agreement for a partial cash payment for the automobile.

However, the plaintiff is correct that, under the HIA, the unregistered defendant contractors were precluded from recovering any additional unpaid sum based on quantum meruit (*see Wadia Enters., Inc. v Hirschfield*, 224 Conn 240 [1992]; *Barrett Bldrs. v Miller*, 215 Conn 316; Conn Gen Stat § 20-429 [f]). Thus, the Supreme Court erred in awarding the defendant contractors judgment on their second counterclaim in the amount of $24,277.

The plaintiff argues that the Supreme Court erred in failing to award her relief pursuant to CUTPA. However, this argument is without merit. The plaintiff neither pleaded nor proved a cause of action pursuant to CUTPA.

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.